

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21209-CIV-MORENO

AMERICAN SECURITY INSURANCE COMPANY,

    Plaintiff,

vs.

MALIKA J. HALL,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction **(D.E. No. 6)**, filed on **June 22, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

### I. BACKGROUND

This insurance declaratory action stems from damage caused by Hurricane Wilma. There is a parallel action in this Court that was removed by the insurance company from state court. Jurisdiction in both cases is premised on diversity. The Defendant has moved to dismiss arguing the amount-in-controversy is not met.

Both sides agree that the insured is claiming $60,766.28 as the amount of the loss. Both sides agree that should the insured prevail, she is entitled to attorney's fees under Florida Statute § 627.428. Both sides even agree that when attorney's fees are statutorily authorized, as they are here, a reasonable amount of attorney's fees are added to determine the amount-in-controversy for

jurisdictional purposes. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Where the parties diverge is on the amount of the fees.

## II. LEGAL ANALYSIS

Dismissal of a case brought under the Court's diversity jurisdiction is proper where the pleadings make clear to a legal certainty that the claim is really for less than the jurisdictional amount. *Leonard*, 279 F.3d at 972. "However where jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty test' gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Bradley v. Kelly Servs., Inc.*, 224 Fed. Appx. 893, 895 (11th Cir. 2007) (quoting *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." *Id.* (quoting *Leonard*, 279 F.3d at 972.

The insurance company has only provided the Court a conclusory allegation that a reasonable amount of attorney's fees would exceed $14,233.72. Without more, the Court cannot find that by a preponderance of the evidence the jurisdictional amount is met. Accordingly, the motion to dismiss is granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of July, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-2-